**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN IMMIGRATION COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al*.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-CV-00087-DGK |

**JOINT MOTION FOR EXTENSION OF TIME**
**TO FILE JOINT PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 6(b), the parties hereby respectfully move the Court for an order to extend the time within which the parties may file a Joint Proposed Scheduling Order and Discovery Plan. In support of this motion, the parties state:

1. This litigation arises from three Freedom of Information Act ("FOIA") requests Plaintiff filed in June, October, and November 2025 respectively. The parties have been working diligently to isolate relevant issues, discuss timelines, and propose FOIA search alternatives which impact the scheduling order. The parties have conducted multiple meetings and conferences via telephone, have exchanged near-daily emails with counsel and clients, and drafted several rounds of edits to the proposed scheduling order. The parties have been requesting additional time in order to distill the issues and present this Court with a comprehensive and realistic scheduling order, outlining what issues and timelines the parties agree to and where they differ.

2. The Court has extended the parties' deadline to file a proposed scheduling order and discovery plan several times on the parties' motions to facilitate their meet and confer conferences. During this time, the parties reached tentative agreements on some aspects of

processing the FOIA requests at issue here. Most recently, the Court extended the deadline to file a proposed scheduling order and discovery plan to October 9, 2026, at the parties' joint request. Doc. 42.

3. The parties have continued to work towards resolution of the primary sticking point preventing them from proposing a joint scheduling order and discovery plan: the search terms for the electronic searches for records responsive to parts of the third request.

4. Most recently, on October 5, 2026, Defendants provided additional information about how it tested Plaintiffs' proposed search terms, the repositories it had searched, and how its information systems define and treat a hit to help Plaintiff understand the hit counts provided and revise search terms.

5. On October 8, 2026, the parties met and conferred about the electronic searches and reached a tentative agreement to run diagnostics on Plaintiff's proposed searches and explore the extent to which some known responsive records may be located manually without an electronic search.

6. On October 9, 2026, Plaintiff sent Defendants proposed diagnostics and some questions about the potential manual search.

7. Defendants require additional time to (i) provide Plaintiff with information about the extent to which some known responsive records may be located manually without an electronic search; (ii) run Plaintiffs' diagnostic; and (iii) test any revised search proposal made by Plaintiff.

8. Plaintiff requires additional time to (i) revise their search proposal once Defendants have run the diagnostics and (ii) make further revisions to the search proposal (if necessary) after Defendants' test.

9. All parties also require additional time since their counsel are out of the office the week of October 12, 2026.

10. To provide the parties with adequate time to craft, test, and refine search terms; consult with their clients; isolate the issues before the Court; and finalize the scheduling plan, the parties request an extension of approximately four weeks, up to and including November 6, 2026, to file the scheduling plan.

11. Without an agreement, the parties will need to brief multiple issues to the Court, including the agency timing to process some parts of a FOIA request at issue in this litigation, the appropriateness of discovery in this FOIA action, and Defendants' request for transfer to another federal district. But with the parties' potential agreement, the Court will not have to decide these issues. Thus, judicial economy favors an extension.

12. The requested extension of time is not sought for any improper reason and will not interfere with any other deadlines presently set by the Court in this case.

13. Both parties consent to this motion.

Accordingly, for the reasons set out herein, the parties respectfully request that the Court briefly extend the time within which the parties may file a scheduling plan up to and including November 6, 2026.

Respectfully submitted,

Chris Opila
Staff Attorney

By /s/ Chris Opila

Christopher ("Chris") Opila*
AMERICAN IMMIGRATION COUNCIL
PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7699 | copila@immcouncil.org

Rekha Sharma-Crawford, #Mo 58404
Sharma-Crawford Attorneys at Law
515 Avenida Cesar E. Chavez
Kansas City, MO 64108
(816) 994-2300 | Rekha@Sharma-Crawford.com

* *Appearing pro hac vice*

ATTORNEYS FOR PLAINTIFF


R. Matthew Price
United States Attorney

By *<u>/s/ Abby Duncan</u>*
Abby Duncan
Assistant United States Attorney
Missouri Bar No. 67766
Matthew N. Sparks
Deputy United States Attorney
Missouri Bar No. 63260
Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, MO 64106
(816) 426-3130 FAX: (816) 426-3165
E-MAIL: Abby.Duncan@usdoj.gov
Matt.Sparks@usdoj.gov


ATTORNEYS FOR DEFENDANTS